## Knighton v. Bonanni

C.P. of Beaver County, no. 10796 of 1994.

*Stephen P. Drexler,* for plaintiff.
*Peter B. Skeel,* for defendant.

KUNSELMAN, *J.*, May 24,1996—This matter is before the court on plaintiff's motion in limine. Therein she seeks to preclude defendant from introducing evidence at trial of her selection of the limited tort option. We will grant the relief requested, but will stay the

proceedings to give plaintiff the opportunity to select the full tort option.

Plaintiff filed the above civil action seeking damages arising out of an automobile accident. At the time of the accident, plaintiff was insured under the Pennsylvania Assigned Risk Plan. Upon application for insurance, plaintiff executed a PA-1000 Form which set forth the rights of plaintiff as an insured under the alternatives of "full tort" insurance and "limited tort" insurance. It provided:

"(A) 'Limited tort' option—The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of 'serious injury' as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

"Additional coverages under this option are available at additional cost.

"(B) If you wish to choose the 'limited tort' option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the 'full tort' coverage as described in paragraph C and you will be charged the 'full tort' premium. . . .

"(C) 'Full tort' option—The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an un-

restricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. . . ."

On this form, plaintiff placed her signature on a line provided below paragraph B indicating her desire to choose the "limited tort" option described in paragraph A.

Plaintiff now claims that her selection of the "limited tort" option should be disregarded since the PA-1000 Form which she executed failed to provide her with information regarding the cost of the premium for each option as required by section 1705 of the Pennsylvania Motor Vehicle Financial Responsibility Law. Based upon this, plaintiff has submitted a motion in limine for our consideration requesting that reference to or evidence of plaintiff's selection of the "limited tort" option be prohibited during trial. In response, defendant asserts that the assigned risk plan is not an insurer, and consequently is not constrained by section 1705. Thus, plaintiff is bound by her election of the "limited tort" option in this litigation.

Section 1705 of the PMVFRL provides that upon first issuance and prior to first renewal of an automobile insurance policy, an insurer must inform the insured of his or her option to choose "full tort" or "limited tort." 75 Pa.C.S. §§1705(a)(1), (4). The statute provides specific language to be contained in the notice. Under the statute, an insurer is obligated to inform an insured of his or her substantive rights under each option, *i.e.,*

what they can and cannot sue for. The PA-1000 Form executed by plaintiff irrefutably provided this information to plaintiff and adhered to the statutory language verbatim.

The PA-1000 Form presently at issue runs afoul of section 1705, however, in that it fails to set forth the cost of each option. See 75 Pa.C.S. §1705(a)(1). Section 1705 clearly mandates that this information be provided. By requiring the insurer to so notify an insured, the legislature endeavored to make certain that the insured would make an informed, knowledgeable waiver of his right to sue if he selected the "limited tort" option. During the debate on the 1990 amendments to the PMVFRL, the legislature recognized the significant role which the cost comparative information would play in the selection of a tort option by an insured.

"Under this bill, . . . we will require more information be given to our constituents in understandable plain English. In fact, that plain English is spelled out in the bill. So before our constituents exercise a decision as to what kinds of coverages they are going to buy, they will be able to see now for the first time what their coverage limits are, *what the various costs of those coverages are* and then what they are entitled to receive." Legislative Journal—House, Remarks on HB 121, at 211 (Feb. 7, 1990). (emphasis added)

The legislature further acknowledged the courts' prior refusals to allow an individual to give up his right to sue or right of access to the courts without receiving something reasonable in exchange for relinquishing his rights. See Legislative Journal—House, Remarks on HB 121, at 205 (Feb. 7, 1990). To avoid confrontation with the courts, the legislature designed language to be provided to insureds which would inform them of

what they are relinquishing, their right to sue, and what they are receiving in exchange, a reduced premium.

The PA-1000 Form executed by plaintiff contained all of the statutory language set forth in section 1705 except for the cost of each option. To fully comply with section 1705, the PA-1000 Form presented to plaintiff for her election of a tort option should have included in paragraph A the following: "The annual premium for basic coverage as required by law under this 'limited tort' option is $ ." Paragraph C should have additionally stated: "The annual premium for basic coverage as required by law under this 'full tort' option is $ ." See 75 Pa.C.S. §1705(a)(1). Failure to include this information in the notice to plaintiff renders the waiver of plaintiff's full tort rights invalid.

Defendant's argument that the assigned risk plan is not bound by the notice provisions of section 1705 is unsubstantiated. There is no indication in the statute or legislative history that the assigned risk plan is exempt from this requirement. Moreover, the regulations developed by the insurance department suggest that the notice provisions of section 1705 apply to both private insurers and the assigned risk plan. See 31 P.S. §68.101(a), (c). Until there is a directive from the legislature or a ruling from an appellate court to the contrary, we decline to conclude that plaintiff's election is valid based upon defendant's argument. We will grant plaintiff's motion in limine based upon the foregoing.

However, that conclusion does not end the matter. We think the proper remedy is to place plaintiff and the assigned risk plan in the same position they would have been in had the notice been properly given. That is, plaintiff must be informed as to the difference in the premiums between the "limited tort" and "full tort" options from the inception of the coverages to the last

renewal prior to the accident at issue. Thereafter, she should have the opportunity to make a fully informed choice between the two options. If she elects the "full tort" option, she will then be required to pay the difference between what she has paid and what she should have paid had she made that election initially. By disposing of the matter on this basis, neither plaintiff nor the assigned risk plan will receive a windfall and neither will be prejudiced.

These proceedings will be stayed until further order of court so that plaintiff can make the election. If the assigned risk plan is unable or unwilling to comply with the foregoing, we will revoke the stay order.

## ORDER

For the reasons set forth in the attached opinion, defendant is precluded from introducing any testimony or evidence of plaintiff's election of the "limited tort" option. In addition, it is ordered that these proceedings are stayed until further order of court.

Plaintiff shall be informed by her insurer as to the difference in the premiums between the "limited tort" and "full tort" options from the inception of the coverage to December 13, 1992. The insurer shall then offer the "full tort" option coverage to plaintiffs' nunc pro tunc. If plaintiff selects the "full tort" coverage, she shall pay or make satisfactory arrangements for payment of the balance due.

The stay of these proceedings shall be rescinded upon the occurrence of either of the following: The insurer's failure or refusal to offer "full tort" coverage nunc pro tunc; plaintiff's payment of the additional premiums; or making satisfactory arrangements for payment of such additional premiums.